JOHN H. MATTOX *v.* CITY OF BRISTOL.

(*Knoxville.* September Term, 1908.)

**COURT OF CIVIL APPEALS.** Appeal in injunction suit to restrain the diversion of the water of a stream lies to such court and not to supreme court.

In a suit by a riparian owner for a perpetual injunction against the diversion of water from a stream on the ground that such diversion would materially impair the operation of his mill, an appeal from the decree adjudging the rights of the parties lies to the court of civil appeals, and not to the supreme court, and where such appeal is taken directly to the supreme court, a motion to strike the case from the docket of the supreme court will be sustained. Appeals lie to the court of civil appeals in all chancery cases, except those involving more than one thousand dollars, exclusive of costs, and cases involving the constitutionality of statutes of the State, contested elections, State revenues, and ejectment controversies. The controversy in this case does not fall within either of the excepted cases.

Acts cited and construed: Acts 1907, ch. 82. sec. 7.

---

FROM SULLIVAN.

---

Appeal from the Chancery Court of Sullivan County. —HAL. H. HAYNES, Chancellor.

WILLIAM R. PAGE, PAGE & FULKERSON, JOHN P. SMITH and JEROME TEMPLETON, for complainant.

A. B. WHITAKER and JOSEPH H. BURROW, for defendant.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

This case is before the court on motion to strike from the docket, because the jurisdiction to determine it is in the court of civil appeals, and not in this court.

The bill alleges, in substance, that the complainant is the owner of a mill located on Sinking creek, in Sullivan county, on land belonging to him; that the defendant city is the owner of one of the main sources of Sinking creek, and is a riparian proprietor above complainant's mill, and is engaged in the construction of a system of waterworks for the purpose of supplying the inhabitants of the city with water, and is now laying a pipe from one of its old water mains to the chief source of Sinking creek preparatory to the diversion of more than two-thirds of the volume of the water of the creek, and that this water, after having been so diverted, will not be returned to the stream before it reaches the property of the complainant; and that such diversion will very materially impair the operation of his mill, and greatly lessen its value. The prayer of the bill is for a perpetual injunction to restrain the threatened action of the defendant.

The defendant answered, and admitted that it was engaged in the erection of a system of waterworks for the benefit of its citizens, and that it had purchased certain water rights at the source of Sinking creek

from owners there, and was about to divert a portion of the water, but averred that a sufficiency would be left in the stream to operate complainant's mill, and denied that he would be injured by the diversion. The chancellor rendered a decree adjudging the rights of the parties, from which decree the complainant prayed, and obtained, an appeal to this court.

We think the motion should be sustained. By section 7, c. 82, p. 233, Acts 1907, it is provided that the jurisdiction of the court of civil appeals shall extend to all cases brought up from court of chancery, except cases in which the amount involved, exclusive of costs, exceeds $1,000, and cases involving the constitutionality of the statutes of the State, contested elections, State revenues, and ejectment controversies. It is further provided that, in all cases in which jurisdiction is conferred by the act upon the court of civil appeals, appeal shall be taken directly to that court. The present controversy does not fall within either of the excepted classes, and the jurisdiction is therefore in the court of civil appeals.